**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**EASTON DIVISION**

|  |  |
|---|---|
| **TYLER LINTON,**<br><br>        *Plaintiff,*<br><br>v.<br><br>**NATIONAL ENTERPRISE SYSTEMS, INC.**<br><br>        *Defendant.* | Case No.<br><br>Complaint and Demand for Jury Trial |

## COMPLAINT

**TYLER LINTON** ("Plaintiff"), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **NATIONAL ENTERPRISE SYSTEMS, INC.** ("NES" or "Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the Commonwealth of Pennsylvania and because the occurrences from which

1

Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the Commonwealth of Pennsylvania.

4.    Where the events and occurrences underlying this action occurred within this District, venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Freemansburg, Pennsylvania, in Northampton County

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.    Defendant NES is a corporation with its principal place of business, head office, or otherwise valid mailing address at 29125 Solon Road, Solon, Ohio 44139.

8.    Defendant is a "debt collector" as defined by the 15 U.S.C. § 1692a(6) of the FDCPA.

9.    Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.    On or about May 31, 2026, Defendant sent an email message to Plaintiff's sister, Haley Sedler f/k/a Haley Linton, in an attempt to collect a consumer debt which Plaintiff allegedly owed to Velocity Investments, LLC. A true and correct copy of this email is attached as Exhibit A.

11.    This email contained full disclosures of the alleged debt's current and original creditors, account numbers, and balance. *See* Ex. A.

12.    The alleged debt was incurred for personal, family or household purposes, and not by a business.

13.     Plaintiff's sister's email address to which this message was sent is not and has never been used by Plaintiff, and Plaintiff has never provided that address to Defendant or otherwise represented that he could be contacted at that address in connection with the alleged debt at issue.

14.     Plaintiff's sister is not connected with the alleged debt in any way, and Plaintiff has never provided Defendant with his prior consent for Defendant to contact Plaintiff's sister or any other third-party regarding the alleged debt.

15.     As a direct result of the foregoing, Plaintiff experienced personal strife, stress, anxiety, frustration, and a sense that his privacy had been invaded by Defendant.

## COUNT I
### DEFENDANT VIOLATED § 1692c(b) OF THE FDCPA

16.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17.     Section 1692c(b) of the FDCPA provides in relevant part:

> "[W]ithout the prior consent of the consumer given directly to the debt collector […] a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

15 U.S.C. 1692c(b).

18.     Defendant violated § 1692c(b) when it sent an email to Plaintiff's sister disclosing the debt and related information.

## COUNT II
### DEFENDANT VIOLATED § 1692d OF THE FDCPA

19.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20.    15 U.S.C. § 1692d prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21.    Defendant violated 15 U.S.C. § 1692d when it sent Plaintiff's sister an email disclosing the alleged debt and related information, when his sister had no connection to the alleged debt.

**WHEREFORE**, Plaintiff, **TYLER LINTON**, respectfully prays for judgment as follows:

a.    All actual damages Plaintiff suffered, as provided in 15 U.S.C. § 1692k(a)(1));

b.    Statutory damages of $1,000 for the violation of the FDCPA, as provided by 15 U.S.C. § 1692k(a)(2)(A));

c.    All reasonable attorneys' fees, witness fees, court costs, class administration, and other litigation costs, as provided under 15 U.S.C. § 1693k(a)(3)); and

d.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff, **TYLER LINTON**, demands a jury trial in this case.

Respectfully submitted,

Dated: July 1, 2026

By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
PA Attorney ID: 311908
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (267) 468-5374
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

4